FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 0 9 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SALVATORE DiSTEFANO,

Plaintiff

**SUMMONS ISSUED**

COMPLAINT
JURY TRIAL DEMANDED

CV 11 - 1125

--Against--

GIUSEPPE SEDITA, in his individual capacity,
CITY OF NEW YORK, JOHN DOES I, II
AND III, and OFFICER MARTINEZ,
of the 109th Precinct, in their individual capacities,

Defendants
--------------------------------------------------------X

JOHNSON,

POHORELSKY, M.J.

Plaintiff, SALVATORE DiSTEFANO, by his attorney, LAW OFFICES OF AMBROSE

WOTORSON, alleges as follows:

I.    INTRODUCTION

1.    This is an action to vindicate the civil rights of plaintiff. Plaintiff contends that

defendants falsely arrested him, falsely imprisoned him and maliciously/abusively prosecuted

him, and conspired to do so, causing him mental anguish and other serious losses, including, but

not limited to, the loss of his liberty. The underlying criminal proceeding initiated by defendant

Sedita and maintained by municipal defendants terminated in plaintiff's favor, and the criminal

case against him was dismissed and sealed pursuant to CPL Section 160.50

II.    JURISDICTION

2.    This Court has jurisdiction over this action under 42 U.S.C. Sections 1983 and

1985.  Venue is proper, as the operative events occurred within this judicial district.

1

III.     PARTIES

3.      Plaintiff, SALVATORE DiSTEFANO, who resides in Queens County, New York, at 151-42 20th Avenue, Whitestone, New York 11357, hereby sues in on his own behalf. At all relevant times he was subjected to a false arrest, false imprisonment, malicious prosecution and malicious abuse of process, in part, for retribution.

4.      CITY OF NEW YORK is a state actor for 42 U.S.C. Section 1983 purposes. Defendant may sue and be sued, and its principle place of business is in New York County, New York. At all relevant times, the CITY OF NEW YORK employed the individual defendants listed herein. The CITY OF NEW YORK is herein sued for having violated plaintiff's civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies

5.      JOHN DOES I, II and III, and OFFICER MARTINEZ of the 109th Precinct at all relevant times, were employed with the City of New York, as police officers/Detectives. At all relevant times, they acted under color of state law and pursuant to the practices, policies and customs of the City of New York. They are herein sued in their individual capacities, however their identities are not yet known, and thus, plaintiff reserves the right to amend the caption and the Complaint once their names become known.

6.      JOESPH SEDITA, whose address is 14415 South Drive, Whitestone, New York 11357 is herein sued in his individual capacity, and at all relevant times, was an employee of Verizon, where plaintiff was also employed. At all relevant times, Sedita conspired with the City of New York to have plaintiff falsely arrested and arrested, and initiated a false complaint to have plaintiff maliciously prosecuted, and allowed the claim against plaintiff to be maintained for more than six (6) months, even though he know there was no reason for that prosecution to

2

be maintained and did nothing to end it.

IV.    FACTUAL AVERMENTS

7.    Defendants violated plaintiff's civil rights in the following ways:

a.    Plaintiff and Joseph Sedita, at all relevant times, were co-employees at Verizon.

b.    In 2007, a first level manager at Verizon promised workers under his charge at Verizon's Staten Island garage, that if they did three fiber to premise jobs each day, they would be permitted to falsely record the hours they actually worked each day and to leave early, regardless of how early they finished the "jobs."

c.    Thus, for example, workers who finished three jobs on or before 1 p.m. would be permitted to record that they actually worked until 5:30 p.m.

d.    This practice of permitting workers to falsely record the amount of time actually worked, violated several criminal statutes, including, but not limited to, N.Y. Penal Law Sections 190.60, which is a Scheme to Defraud in the Second Degree; and N.Y. Penal Law Section 155.35, which is Grand Larceny in the Third Degree.

e.    Plaintiff DiStefano declined to participate in this scheme at Verizon's Staten Island Garage, and voiced its illegality to Rios, to other workers and to other management officials.

f.    DiStefano specifically requested that he be permitted to operate a Boom Truck instead of participating in the scheme at Verizon's Staten Island garage.

g.    On or about the beginning of May 2008, plaintiff disclosed the scheme to defendants' corporate security. On information and belief, the report was

not kept confidential.

h.     Shortly thereafter, commencing in late May 2008, plaintiff was subjected to a pervasive campaign of harassment by union officials and union members, including, but not limited to, being subjected to assaults and being called "rat."

i.     On October 20, 2009, defendant Sedita told one of DiStefano's friends and co-workers, Taravella, that he was going to "beat the shit out of DiStefano" because he was a "rat" and had allegedly caused another union member to be terminated.

j.     Thereafter, Sedita was arrested on January 11, 2010, for menacing in the Second Degree against DiStefano's friend and co-worker, Taravella.

k.     On January 12, 2010, Sedita came into a post office where DiStefano was visiting, and told DiStefano that he was going to "get" DiStefano and his co-worker, Taravella, and that he (DiStefano) was a "dead man."

l.     Not surprisingly, on February 9, 2010, DiStefano was falsely arrested for threatening Sedita, based solely upon Sedita's allegations. Defendant Martinez arrested plaintiff without probable cause to do so.

m.     In fact, Sedita filed a retaliatory claim against plaintiff, which utterly lacked probable cause for an arrest, as plaintiff had not threatened DiStefano in any manner at any time.

n.     Upon information and belief, Sedita spoke to, and conspired with, municipal officials and defendant Martinez to arrest, imprison and prosecute DiStefano for acts which he did not commit, and which defendants knew or had reason to know, he did not commit.

4

o.   As a result, DiStefano was imprisoned in filthy, substandard conditions for an extended period because defendants' wrongful acts and utterly false allegations.

p.   For full year, between February 9, 2010 and February 15, 2011, DiStefano was forced to spend money and to spend an exorbitant amount of time making court appearances and defending himself against defendants' utterly false charges and malicious/abusive prosecution, long after it had become obvious that there was no basis for whatsoever maintaining prosecutions plaintiff for menacing, threatening, or for any other charges.

q.   Indeed, plaintiff explained, in detail on the date of his arrest, to defendant Martinez that Sedita's allegations were retaliation for his (Sedita's) own recent arrest for harassing DiStefano and at least one other co-worker. Yet, municipal defendants and Martinez utterly ignored plaintiff's explanations and otherwise refused to investigate his claims.

r.   As well, defendants were warned -- at least twice -- by a sitting Judge that the charges against plaintiff were dragging on unnecessarily.

s.   On or about February 15, 2011, defendants conceded that the claims against plaintiff should be dismissed.

t.   The charges were then, after more than a year dragging on, dismissed against plaintiff, and they were sealed pursuant to New York's Criminal Procedure Laws.

8.   Defendants' illegal actions were undertaken pursuant to municipal defendants' customs, practices and policies of sloppily and recklessly investigating criminal activity in the City of New York, of falsely arresting and maliciously prosecuting  individuals based upon the naked say-so of civilian, without any corroboration or investigation.

5

9.     Moreover, once it became obvious to municipal defendants and reasonably should have become obvious to them, that they had no probable cause to arrest plaintiff arrest and no basis for maintaining a criminal case against plaintiff, defendants maintained a criminal case against plaintiff with no basis whatsoever, and rather than simply concede these points on the merits, defendants merely acquiesced and failed to respond to a valid 30.30 motion.

10.     Moreover, plaintiff's rights with respect to being free of illegal arrests, false malicious prosecution and malicious abuse of process are clearly established, and reasonable municipal employee are aware of these rights, or have reasons to be so aware of these rights.

11.     As a further proximate result of defendants' illegal acts towards plaintiff, plaintiff has suffered severe mental anguish, extreme embarrassment and emotional injury, and pecuniary loss associated with the loss of his job.

12.     Individual defendants' illegal actions were outrageous and were malicious, and they were intended to injure plaintiff, and they were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive damages as against all individual defendants herein.

V.     <u>CAUSES OF ACTION</u>

<u>FIRST CAUSE OF ACTION</u>

13.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

14.     The defendants abusively and maliciously prosecuted plaintiff, without basis, thereby violating the 4th, 5th and the 14th Amendments of the United States Constitution. These violations are also actionable through New York's common-law against malicious abuse of process and malicious prosecution, as against Joseph Sedita, and 42 U.S.C. Sections 1983 and

1985, as against all defendants, who conspired with each other.

SECOND CAUSE OF ACTION

15.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph

above.

16.     The defendants violated the 4th, 5th and 14th Amendments when defendants

falsely arrested plaintiff and conspired to do so.  These violations are made actionable through 42

U.S.C. Section 1983 and Section 1985, as against all defendants, and all defendants who

conspired with each other.

VI.     PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to him judgment containing the following

relief:

a.     An award of damages to be determined at the time of trial to compensate

       plaintiff for mental anguish, humiliation, embarrassment, and emotional injury,

b.     Awards of punitive damages to be determined at the time of trial as against

       each individual defendant;

c.     Awards of reasonable attorney fees and the costs of this action and,

d.     Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       March 9, 2011

                    Respectfully Submitted,
                    Law Offices of Ambrose Wotorson
                    By
                    Ambrose W. Wotorson (AWW—2412)
                    26 Court Street
                    Suite 1811
                    Brooklyn, New York 11242

                    718-797-4861

7